NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANEY SWEET, an individual, on behalf of E.S., N.S., and the estate of Daniel Shaver; et al.,<br><br>    Plaintiffs-Appellees,<br><br> v.<br><br>CHARLES J. LANGLEY,<br><br>    Defendant-Appellant. | No. 18-16118<br><br>D.C. Nos. 2:17-cv-00152-GMS<br>      2:17-cv-00715-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted March 2, 2020
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

Charles Langley appeals from the district court's denial of his motion to

dismiss on qualified immunity grounds two 42 U.S.C. § 1983 actions based on

Langley's involvement in the fatal shooting of Daniel Shaver. We have

jurisdiction under 28 U.S.C. § 1291. *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review de novo a district court's decision denying a motion to dismiss, accepting as true all well-pleaded allegations of material fact and construing them in the light most favorable to the non-moving party. *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). As the parties are familiar with the allegations, we do not recount them here. We affirm.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (internal quotation marks and citations omitted). The clearly established right "must be defined with specificity" so that officials can be said to have reasonable notice of the violation. *Id.* When determining whether a defendant's actions violate clearly established law, courts may look not only to Supreme Court precedent, but also to Ninth Circuit precedent, unpublished decisions, and the law of other circuits. *Prison Legal News v. Lehman*, 397 F.3d 692, 701–02 (9th Cir. 2005).

1. Philip Brailsford violated clearly established law when he shot Shaver. "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Under the integral participant rule, the plaintiffs need not demonstrate "that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton*

2                                                                    18-16118

*Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). Any "fundamental involvement in the conduct that allegedly caused the violation" is sufficient to make an officer an integral participant under clearly established law. *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). Ninth Circuit precedent in effect at the time of Shaver's death clearly establishes that Langley was an integral participant in the shooting.

In *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), this court denied a motion to dismiss based on qualified immunity by federal officials who "developed the plan that resulted in [plaintiff's] shooting and encouraged [the shooter] to fire at him." *Id.* at 1204. The defendants could be held liable for setting "special rules of engagement" that "directly impinged on the clearly established constitutional rights of those against whom they were aimed . . . ." *Id.* at 1205. Here, the plaintiffs allege that Langley developed the plan that led to three police officers pointing rifles at the unarmed Shaver. Langley also told Shaver that there was a "very severe possibility" that he would be shot and killed if he made a mistake or if he moved. Because it is alleged that Langley effectively authorized his subordinates to use excessive force against Shaver, he was an integral participant in Brailsford's ultimate decision to shoot Shaver. *Id.*

2.  Langley also argues that Shaver's parents, Grady and Norma Shaver, failed to allege that Langley's conduct "shocks the conscience." *Wilkinson v.*

*Torres*, 610 F.3d 546, 554 (9th Cir. 2010). He claims that, because he and his fellow officers made a "snap judgment" when shooting Shaver, "his conduct may be found to shock the conscience only if he act[ed] with a purpose to harm unrelated to legitimate law enforcement objectives." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013). The Shavers argue that the standard for reviewing whether Langley's conduct shocks the conscience is "deliberate indifference," because "actual deliberation [was] practical." *Id.* The Shavers' complaint plausibly alleges that Langley acted with either the purpose to harm or deliberate indifference when he threatened to shoot Shaver for "mak[ing] a mistake" and ordered his subordinates to point guns at an obviously unarmed and compliant person. The district court properly denied qualified immunity in light of these allegations.

      **AFFIRMED**.